PER CURIAM.
We affirm appellant’s conviction and sentence on the authority of United States Supreme Court’s recent decision in Florida v, Bostick, 501 U.S. -, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).
Two Broward County Sheriff’s Deputies approached appellant on a northbound bus while at a Fort Lauderdale bus stop. The deputies identified themselves, explained that they were there looking for illegal narcotics and guns and explained that appellant could refuse a search. The officers asked appellant for permission to search his garment bag and appellant consented. The search revealed a locked briefcase found inside the garment bag. When asked, appellant denied ownership of the briefcase and also denied any knowledge of how the briefcase had come to be in his bag. Appellant had no objection to the officer’s opening the briefcase and accompanied them off of the bus. The officers forced open the briefcase and found cocaine.
Justice O’Connor, writing for the majority, explained that:
[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person *409 that the person was not free to decline the officers’ requests or otherwise terminate the encounter.
Bostick, 501 U.S. at-, 111 S.Ct. at 2389, 115 L.Ed.2d at 401-02. The Supreme Court remanded the Bostick case because the trial court had failed to make findings of fact regarding the circumstances of the search. The trial court sub judice, however, did make such findings of fact. The court found that appellant’s consent to both searches had been voluntary. The court also stated:
I think the Defendant thought he reasonably could leave. I don’t think the Defendant thought about it one way or the other. He didn’t want to leave and he wanted to let the officers search, so it wasn’t something that was an item of consideration or item of concern. If he thought about it, I think he thought he could leave, but it wasn’t ever thought about and I don’t think I’m going to say that as a matter of law that he thought he couldn’t leave when there is no evidence to support that.
These findings are supported by the record evidence, in particular, appellant’s own testimony that he had not been coerced and that his consent had been voluntary. Given the trial court’s explicit findings of fact, there is no reason to remand this cause of further evidentiary proceedings on the issue.
Accordingly, we affirm appellant’s conviction and sentence.
AFFIRMED.
DELL and GUNTHER, JJ., concur.
HERSEY, J., concurs in conclusion only.